IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY A. BECHEL,

        Petitioner,

vs.                                   No. 15-0572-DRH

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

**HERNDON, District Judge:**

This matter is before the Court on petitioner's May 22, 2015 motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). On August 12, 2010, the Court sentenced Bechel to 200 months imprisonment. *See United States v. Bechel*, 09-30007-DRH; Docs. 94 & 96. During the proceedings, Bechel was represented by attorney James Gomric. Bechel did not appeal his sentence and conviction.

In his § 2255 petition, defendant raises three issues for relief: (1) ineffective assistance of counsel for failing to object to the Magistrate Judge exceeding his authority by accepting the plea in violation of the Federal Magistrate's Act; (2) ineffective assistance of counsel by advising Bechel to plead guilty to a plea agreement that contained a collateral waiver provision; and (3) ineffective assistance of counsel for failing to object to the use of restraints, handcuffs and shackles, at the change of plea hearing and

the sentencing. Based on the following, the Court finds that Bechel may proceed on his §2255 petition if he can show either "cause for the default **and** actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v.Thompson*, 501 U.S. 722, 750 (1991) (emphasis added); *see also Edwards v. Carpenter,* 529 U.S. 446, 455 (2000).

In *Murray v. Carrier*, the Supreme Court held that ineffective assistance of counsel may constitute cause. However, "[s]o long as a defendant is represented by counsel whose performance is not **constitutionally** ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984),] [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488 (emphasis added).

In order to show ineffective assistance of counsel under *Strickland*, a petitioner must satisfy yet another two pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Strickland*, 466 U.S. at 688, 694.

The Court finds that Bechel's claims in 2 and 3 are untimely.

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the 'the date on which the judgment of the conviction becomes final.'" *Clay v. United* States, 537 U.S. 522, 524 (2003), quoting 28 U.S.C. § 2255(f)(1). Here, Bechel did not file a notice of appeal after sentence was imposed and judgment of conviction was entered. Therefore, Bechel's conviction became final, at the latest, in September 2010, and a timely motion under § 2255 had to be filed by September 2011. Bechel's motion was filed over 3 and a half years late and clearly is untimely. Bechel's claims 2 and 3 should have been raised and could have been raised within the statute of limitations as Bechel should have been aware of them. Thus, the Court dismisses as untimely claims 2 and 3. However, the Court finds that Bechel may proceed with claim 1 as it is based on *United States v. Harden,* 758 F.3d 886 (7th Cir.2014). The Court **ORDERS** the government to file a response to petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The government shall, as part of its response, attach all relevant portions of the record. Further, the government shall address the timeliness of claim 1.

**IT IS SO ORDERED.**

Signed this 28th day of May, 2015.

Digitally signed by David R. Herndon
Date: 2015.05.28 14:40:49 -05'00'

United States District Court