## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LARRY A. BECHEL,**

       **Petitioner,**

**vs.**                    **No.  15-0572-DRH**

**UNITED STATES OF AMERICA,**

       **Respondent.**


### MEMORANDUM and ORDER


**HERNDON, District Judge:**

### Introduction and Background

This matter is before the Court on petitioner's May 22, 2015 motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1).  The government opposes the motion (Doc. 5).  Based on the record and the applicable law, the Court denies Bechel's § 2255 motion.  Further, having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter.  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Cooper v. United States,* 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions that would warrant a hearing).

On January 21, 2009, the grand jury returned a three count indictment against Larry Bechel for sexual exploitation of a minor, transportation of child pornography, and possession of child pornography (Doc. 1). *See United States v. Bechel*, 09-30007-DRH; Doc. 1.   On June 8, 2010, the grand jury returned a superseding indictment against Bechel for sexual exploitation of a minor; transportation of depiction of minor engaging in sexual explicit conduct; and possession of matter containing depiction of minor engaging inn sexually explicit conduct.  *Id.* at Doc. 68. Thereafter, on July 2, 2010, Bechel pled guilty to the charges before Magistrate Judge Donald G. Wilkerson. *Id.* at Docs. 81, 82, 83 & 84.  On August 12, 2010, the Court sentenced Bechel to 200 months imprisonment. *See Id*. at Docs. 94 & 96.  During the proceedings, Bechel was represented by attorney James Gomric.   Bechel *did not* appeal his sentence and conviction.

In his § 2255 petition, defendant raised three issues for relief: (1) ineffective assistance of counsel for failing to object to the Magistrate Judge exceeding his authority by accepting the plea in violation of the Federal Magistrate's Act; (2) ineffective assistance of counsel by advising Bechel to plead guilty to a plea agreement that contained a collateral waiver provision; and (3) ineffective assistance of counsel for failing to object to the use of restraints, handcuffs and shackles, at the change of plea hearing and

the sentencing.  On May 28, 2015, the Court found that Bechel may proceed only on his claim contained in 1 as it is based on *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014); directed the government to respond to that claim and dismissed as untimely the claims contained in 2 and 3 (Doc. 2).  Thereafter, on July 28, 2015, the government filed its thorough response (Doc. 5).  On August 20, 2015, the Court granted Bechel an extension of time to file a reply brief after the Seventh Circuit renders its Opinion in *McCoy v. United States*,14-2741, a case that Bechel maintains is similar as to his *Harden* issue (Doc. 7).  On June 8, 2016, the Seventh Circuit issued its Mandate in *McCoy*, 815 F.3d 292 (7th Cir. 2016). Therefore, the Court directed Bechel to file a reply on or before July 11, 2016 (Doc. 8).  On July 8, 2016, Bechel requested an extension of time to file his reply (Doc. 9) and the Court granted him up to and including August 11, 2016 to do so (Doc. 10).  On August 1, 2016, Bechel filed a motion to amend the Section 2255 motion to add two claims: (1) that he is innocent of any crime against the United States; and (2) that the Court lacks jurisdiction over his criminal matter (Doc. 11).  The Court notes that Bechel did not file a reply addressing the *McCoy*/*Harden* issues and *McCoy's* applicability to his case.

## <u>Analysis</u>

The Court must grant a "2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."

28 U.S.C. § 2255.  More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."  *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal.  A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice.  *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816.  Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice.  *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).  The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Addonizio,*

442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).  Moreover, a §
2255 petition is subject to a one-year time limitation that generally runs
from "the date on which the judgment of conviction becomes final."  28
U.S.C. § 2255(f)(1).

Before addressing the merits of the *Harden* issue, the Court must
address his motion to amend the Section 2255 motion (Doc. 11).  After
reviewing the claims the Court finds that these claims are untimely and
suffer the same fate as the untimely claims that were contained in his
original Section 2255 motion.  "A motion by a federal prisoner for
postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time
limitation that generally runs from the 'the date on which the judgment of
the conviction becomes final.'" *Clay v. United* States, 537 U.S. 522, 524
(2003), quoting 28 U.S.C. § 2255(f)(1).  As mentioned before, Bechel did
not file a notice of appeal after sentence was imposed and judgment of
conviction was entered.  Therefore, Bechel's conviction became final, at the
latest, in September 2010, and a timely motion under § 2255 had to be
filed by September 2011.  Bechel's motion to amend was filed almost 5
years late and the original petition was filed over 3 and a half years late
and, thus, these claims clearly are untimely.  Bechel's claims contained in
the motion to amend should have been raised and could have been raised
within the statute of limitations as Bechel was/should have been aware of

them.  Thus, the Court dismisses these claims as untimely and denies the motion to amend.

As to the *Harden* issue, the Court finds that claim lacks merit and that Bechel is not entitled to relief.  In his petition, Bechel maintains that the Seventh Circuit's decision in *Harden* applies retroactively and bars his guilty plea.  In *Harden*, the Seventh Circuit determined that, under the Federal Magistrates Act, magistrate judges are "not permitted to accept guilty pleas in felony cases and adjudicate a defendant guilty." *Harden*, 758 F.3d at 888-91.  While Bechel's plea of guilty was accepted by Magistrate Judge Wilkerson, there are several reasons why *Harden* does not apply to Bechel.

First, unlike *Harden,* Bechel did not appeal his sentence or conviction, thus, he did not raise this issue or the circumstances surrounding his plea before a magistrate with the Seventh Circuit Court of Appeals.  The Court finds that Bechel has waived this issue as he failed to raise this claim on appeal.  *Harden* is premised on longstanding Supreme Court precedents.  *See, e.g., Peretz v. United* States, 501 U.S. 923, 931-33 (1991); *Johnson v.* Ohio, 419 U.S. 924, 925 (1974); *Brady v. United* States, 397 U.S. 742, 748 (1970).  The claim of prejudice, resulting from his plea before a magistrate, was ripe at the time of Bechel was allowed to file a direct appeal. Failure to raise an issue available at the time of appeal, forfeits the claim during a future collateral attack. *See* 28 U.S.C. § 2255;

*McCoy*, 815 F.3d at 295; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1997)(A Section 2255 petition cannot raise nonconsitutional issues that could have been but were not raised on direct appeal); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997)("Nonconstitutional claims like this one, which could have been raised on direct appeal but were not, are deemed waived even without taking cause and prejudice into account."). Bechel failed to appeal this issue, and, consequently Bechel waived the claim during this collateral attack.

Moreover, Bechel's petition is untimely as *Harden* is not retroactive. Bechel's appeal and conviction became final around September 2010 (as he did not file an appeal) – before the Seventh Circuit decided *Harden* on July 14, 2014. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *United States v. Plascencia*, 537 F.3d 385, 392 (5th Cir. 2008) Bechel did not file this 2255 petition until May 22, 2015. As stated above *Harden* is premised on longstanding Supreme Court precedent and is not a new rule. Further, neither the Supreme Court nor the Seventh Circuit has proclaimed *Harden* to be so.

In assessing whether *Harden* applies retroactively, in the absence of such a proclamation, the Court applies the standard in *Teague v. Lane*, 489 U.S. 288 (1989). *See United States v. Van Daalwyk*, 21 F.3d 179,

183 (7th Cir. 1994). *Teague*, as a general rule, forbids the applications of new rules of criminal procedure on collateral review. *Teague*, 489 U.S. at 310. *Teague* creates exceptions for the retroactive application of a new rule on collateral review "only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416, 127 S.Ct. 1173, 1180 167 (2007) (internal alterations and quotation marks omitted). Neither exception applies to *Harden.*

"A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schiro v. Summerlin*, 542 U.S. 348, 353, 124 S.Ct. 2519, 2223 (2004). "In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." *Id. Harden* provides that an Article III judge, and not a magistrate, must accept felony guilty pleas. This does not "narrow the scope of a criminal statute" or "place particular conduct or persons covered by the statute beyond the State's power to punish." Instead, it affects the *manner* in which a plea is accepted. Thus, *Harden* announces a procedural rule and the first *Teague* exception does not apply.

The second exception is also inapplicable. A watershed rule of criminal procedure is one that is "fundamental" and "without which the likelihood of an accurate conviction is seriously diminished." *Teague*, 489 U.S. at 312-313. As the Supreme Court has noted, watershed rules are

exceedingly rare:

> We have repeatedly emphasized the limited scope of the second *Teague* exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or guilt [that it is] unlikely that many such components of basic due process have yet to emerge, it should come as no surprise that we have yet to find a new rule that falls under the second Teague exception.

*Beard v. Banks*, 542 U.S. 406, 417, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) (internal quotations omitted).  Bechel has not established that his conviction was more suspect simply because a non-Article III judge accepted his guilty plea. Moreover, *Harden* did not suggest that allowing a magistrate judge to hear pleas in felony cases seriously diminishes the likelihood of an accurate conviction. Rather, as discussed above, the Court of Appeals decision was premised solely on a statutory interpretation of the Federal Magistrate Act.

Further, the Court finds that Bechel also waived this claim in his plea agreement.  The Seventh Circuit has found these types of waivers to be valid.  The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided that the waiver is knowing and voluntary.  *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995).  *See also*, *United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct 349 (1995).  A

waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for instance, the defendant's race or gender) or of the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190. Further, the Seventh Circuit has found that a waiver of a Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id*. at 1144, *United States v. Woolley*, 123 F.3d 627, 631-632 (7th Cir. 1997). *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to be enforceable, Bechel's sentence had to be within the maximum provided by the statute of conviction and the applicable guideline range based upon his relevant conduct. The statutory maximum penalty for sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(c)(1) is at least 15 years but not more than 30 years imprisonment or a $250,000 fine, or both, and any term of years up to life on supervised release. The statutory maximum penalty for transportation of a depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1) is not less than 5 years but not more than 20 years

imprisonment or a $250,000 fine, or both, and any term of years up to life on supervised release.  The statutory maximum penalty for possession of matter containing a depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) is not more than 10 years imprisonment or a $250,000 fine, or both, and any term of years up to life on supervised release.  In fact, the statutory terms of imprisonment were outlined in his plea agreement and Magistrate Judge Wilkerson, during the change of plea hearing, informed Bechel of the statutory sentencing ranges and Bechel acknowledged that he understood.  Based upon the conduct to which Bechel admitted and conduct contained in the Presentence Investigation Report, his applicable guideline range of imprisonment was 235-293 months imprisonment on Count 1; a statutory maximum of 20 years with regard to Count 2, thus guideline range was 235 to 240 months; and a statutory maximum of 10 years with regard to Count 3, thus guideline range of 120 months.  The Court sentenced Bechel to 200 months on Counts 1 and 2 and 120 months on Count 3; all to run concurrently which is less than the statutory maximum and within the applicable guideline range.  Further, the Court did not depart upward and the Court granted the government's motion to reduce sentence.   There is no basis in the record for avoiding this waiver, the Court did not rely upon constitutionality impermissible factors in sentencing Bechel and the Court did not sentence him above the statutory maximum.  Thus, the waiver

provisions of Bechel's plea agreement are enforceable and Bechel has waived his right to bring this § 2255 petition.

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval,* 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would

find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim.  Reasonable jurists could not debate that the petition should have been resolved in a different manner; nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

Accordingly, the Court **DENIES** Bechel's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody. Also, the Court **DENIES** the motion to amend (Doc. 11).  The Court **DISMISSES with prejudice** this cause of action.  The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 23rd day of September, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.09.23 02:35:42 -05'00'

**United States District Judge**